# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*Superseded by art 29d VCS*

Honorable Reuben E. Senterfitt, Chairman
Congressional and Legislative Districts Committee
House of Representatives
Austin, Texas

Dear Mr. Centerfitt:

Opinion No. O-4899

Re: Authority of the Legislature to
redistrict the State into representative districts.

         We acknowledge receipt of your letter, asking for an opinion from this department, as follows:

         "Several bills have been before the Committee on Congressional and Legislative Districts, redistricting the State in so far as the House of Representatives is concerned. A point of order has been raised that any such bill is unconstitutional.

         "According to the following Section of the Constitution, has the Legislature, at this session, the power to redistrict the State into Representative Districts?

         "Art. 3, Section 28. REAPPORTIONMENT AT EACH CENSUS. The Legislature shall, at its first session after the publication of each United States decennial census, apportion the State into Senatorial and Representative districts, agreeably to the provisions of Sec's 25 and 26 of this Article; and until the next decennial census, when the first apportionment shall be made by the Legislature, the State shall be, and it is hereby divided into Senatorial and Representative districts as provided by an Ordinance of the Convention of that subject."

         We construe your request to involve the constitutional power of the Legislature to redistrict the State into Representative districts, without at the same time redistricting the State into Senatorial districts.

         The answer to your inquiry requires a construction of Section 28, Article III, of the Constitution, quoted by you.

         This Section makes it the duty of the Legislature, "after the publication of each United States decennial census", to apportion the State into Senatorial and Representative districts. It therefore contemplates that the Legislature will redistrict the State at such times, not only as to Representative districts but also as to Senatorial districts. The mandate is applicable alike to both Representative and Senatorial redistricting.

It is not contemplated, however, (if it could be) that the redistricting for both the Senatorial and the Representative districts should be embodied in one bill. This might itself be violative of Article III, Section 35, of the Constitution, forbidding any bill to contain more than one subject, which shall be expressed in its title. This has long been the legislative construction of the Constitution, as, witness the present Senatorial districts were defined by H.B. No. 8, General Laws, 37th Legislature (1921) page 230, while the present Representative districts were defined by H.B. No. I of the same session. (Laws 1921, p. 264)

See, also: Sub. H.B. No. 6, 7, 9, 25 and 29, 1st. C.S., 22d Leg. (1892), Laws of Tex. Vol. X, p. 412; Sub. H.B. 6, 7, 9, 25 and 39, 1st. C.S., 22d Leg. (1892) Laws of Texas, Vol. X, p. 414; Sub. H.B. No. 7, 27th Leg. (1901) 1st. C.S. p. 9, and Free Conf. Com. Sub. for H.B. No. 4, Ibid p. 12.

Earlier, however, the matter of redistricting the State as to both Senators and Representatives was accomplished by a single bill. See Chap. XII, 17th Leg., C.S. (1832) Laws of Texas, Vol. IX, p. 269; Chap. 45, 8th Leg. (1860) Laws of Texas, Vol. IV, p. 1402; Chap. IV, 4th Leg. S.S. (1853) Laws of Texas Vol. III, p. 1289; and Chap. XLIV, 3d Leg. (1850) Laws of Texas, Vol. III, p. 478.

If we should be wrong in our intimation that the redistricting as to Senatorial and Representative districts could not be accomplished by one bill, nevertheless, we think it clear that it may be done by separate bills, and this of necessity, we think, would be valid as to each such redistricting bill unaffected by the other. There is no constitution forbidding such separate redistricting, or, in other words, redistricting as to one purpose alone. There is nothing incongruous, or that is incompatible with any law in such redistricting for one purpose only. The Legislature might well find that the present Senatorial districts were fair, reasonable and adequate, whereas the present apportionment with respect to Representative districts was not satisfactory, or vice versa.

The Legislature may pass any bill that is not clearly -- beyond a reasonable doubt -- forbidden by the Constitution. Your inquiry does not present such a situation. The measure mentioned by you would be a valid exercise of the Legislative power.

The opinion of this department, of date July 18, 1921, while not in point for the precise question you propound, is yet interesting, and may possibly be helpful. It is there said:

"So that the situation is simply this: the purpose, intent and spirit of the Constitution would not be complied with by passing an apportionment act at this time with a proviso that it shall not take effect until a certain time in 1924; but as there is no power to compel the Legislature to enact a law at a particular time or to enact one at all, and there being no inhibition against the passage of laws to take effect in the future, it cannot be said that an act reapportioning the State into senatorial districts effective some time in 1924 would be invalid. The apportionment now existing would continue to exist

until a reapportionment is made, and as above shown, the new apportionment is not made until the reapportionment act takes effect." -- Opinions Attorney General 1920-22, p. 188.

It was further said:

"* * * * since the Legislature did not apportion the State into senatorial districts at the Regular Session of the Thirty-seventh Legislature it is still authorized and in duty bound to do so at this time."

We trust that what we have said sufficiently answers your inquiry

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Ocie Speer
      Ocie Speer
      Assistant

OS-MR-wc


APPROVED MARCH  6, 1943
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/BWB Chairman